IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KERRY CAIRNS, | § | |
| | § | |
|    Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 10-CV-00527 |
| | § | |
| LSF6 MERCURY REO INVESTMENTS TRUST SERIES 2008-1, GREGORY BALCOM and THOMAS PRUYN, | § § § § | |
| | § | |
|    Defendants. | § | |

### DEFENDANTS GREGORY BALCOM AND THOMAS PRUYN'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT AND BRIEF IN SUPPORT

Defendants Gregory Balcom and Thomas Pruyn (collectively, "Defendants") file this Reply in Support of their Motion to Dismiss the Complaint and Brief in Support (the "Reply"), and respectfully show the Court the following:

### I.   INTRODUCTION

On September 13, 2010, ten days after the time period allowed by this Court for the filing of responses to motions, Plaintiff Kerry Cairns ("Plaintiff") filed his Objection to Defendant's [*sic*] Gregory Balcom and Thomas Pruyn's Motion to Dismiss the Complaint and Brief in Support (the "Response"), which is replete with allegations of facts outside of the Court's record and not present in the Complaint.[1]  Such allegations submitted in response to a motion to dismiss

---

[1] Defendants would like to address one dispute raised by Plaintiff concerning the entity that foreclosed on the home equity lien for the condominium unit at issue in this lawsuit (the "Property").  At the time the motions to dismiss were filed, counsel for Defendants did not have a complete set of the relevant documents and the parties incorrectly believed that The CIT Group/Consumer Finance, Inc. ("CIT") was the foreclosing entity.  Upon reviewing Plaintiff's opposition to Defendant LSF6 Mercury REO Investments Trust Series 2008-1's ("LSF6") Motion to Dismiss, however, Defendants, LSF6, and their counsel acknowledge this mistake and seek to withdraw any incorrect statements made in the motions to dismiss.  Defendants and LSF6 do not now contend that CIT was the foreclosing entity.  To further clarify, LSF6 was the foreclosing entity and the entity that purchased the Property in the home equity lien foreclosure sale.

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS THE COMPLAINT AND BRIEF IN SUPPORT**            Page 1

are improper; the inquiry at this stage is focused on the allegations set forth in the Complaint only. As detailed herein and in Defendants' Motion to Dismiss the Complaint and Brief in Support (the "Motion to Dismiss"), the Complaint fails to suggest a plausible entitlement to relief against Defendants for primarily two reasons. First, Plaintiff's claims are barred under the doctrine of collateral estoppel, whether or not the prior judgment is being appealed. Second, Plaintiff's claims are barred by the "attorney immunity" afforded Defendants under Texas law, notwithstanding the presence of Plaintiff's claims asserted under the Fair Debt Collection Practices Act (the "FDCPA") in the Complaint. In addition, Plaintiff has failed to respond to Defendants' arguments advanced in support of dismissing the Fair Credit Reporting Act (the "FCRA"), civil conspiracy, negligence, slander of title, unjust enrichment, and fraudulent misrepresentations claims. Thus, these claims have been abandoned. Dismissal of this case in its entirety as to Defendants is proper.

## II.   ARGUMENTS AND AUTHORITY

**A.   The State Court Judgment, even if it is later appealed or is currently being appealed, precludes all of Plaintiff's claims.**

All of Plaintiff's claims are premised on his insistence that he has an interest in the Property and is entitled to the exclusive enjoyment thereof. The Complaint and the Response demonstrate that Plaintiff has chosen to ignore, or critically misunderstands, the effect of the Amended Final Judgment and Order entered by the 345th Judicial District Court of Travis County, Texas (the "State Court Judgment").

The State Court Judgment unequivocally unwinds and declares void the tax lien foreclosure sale and the subsequent sale of the condominium unit at issue in this lawsuit (the "Property") to Plaintiff. *See* Defendant LSF6 Mercury REO Investments Trust Series 2008-1's

Appendix in Support of Motion to Dismiss Complaint at Ex. 4 (App. 70).[2] It also clearly declares void "all instruments evidencing the sale" to Plaintiff. *Id.* It addresses the payoff of the tax lien deed of trust that was transferred to Cairns by ordering and declaring "that the payoff amount of the Tax Lien Deed of Trust that was transferred to Cairns … is $4,379.22." Ex. 4 (App. 71). The State Court Judgment grants Cairns a credit for this amount. Ex. 4 (App. 71). The State Court Judgment also clearly orders and declares that "the payoff amount on the Tax Lien Deed of Trust that was transferred to Cairns is paid in full and … is hereby released as to Cairns…" Ex. 4 (App. 72). The declarations and orders had the effect of exercising the mortgagee's right of redemption. Plaintiff has not disputed the authenticity of the State Court Judgment, nor can he, as it is a matter of public record. Importantly, Plaintiff has also not disputed the correctness or the merits of these orders and declarations. Rather, Plaintiff alleges that the State Court Judgment cannot have preclusive effect in this lawsuit because he will appeal or is appealing the matter on jurisdiction or standing concerns. Such an appeal cannot negate the document's preclusive effect here though.

It is well settled that a judgment retains its preclusive impact while on appeal, "unless what is called an appeal actually consists of a trial de novo." *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex. 1986) (addressing the collateral estoppel effect of a judgment); *Hilltop Baptist Temple, Inc. v. Williamson County Appraisal Dist.*, 995 S.W.2d 905, 908 (Tex. App.—Austin 1999, pet. denied). An appellate court's consideration of a plaintiff's standing in a matter, however, does not constitute a "trial de novo." The appellate court will not re-consider and determine the merits of the state court action again if only jurisdiction is contested. Therefore, even if Plaintiff seeks to appeal or is currently appealing the State Court Judgment as alleged, the

---

[2] All citations to exhibits in this Reply are made in reference to the exhibits attached to Defendant LSF6 Mercury REO Investments Trust Series 2008-1's Appendix in Support of Motion to Dismiss Complaint.

State Court Judgment must still be given preclusive effect in this case because, as set forth in the Motion to Dismiss, all of the elements of collateral estoppel are met.

B. **Plaintiff's claims are barred by the "attorney immunity" afforded Defendants, notwithstanding the presence of Plaintiff's claims asserted under the FDCPA.**

Plaintiff contests that Defendants are protected by "attorney immunity" for alleged violations of the FDCPA.[3] Defendants note that the FDCPA does apply to attorneys who regularly engage in consumer-debt-collection activity, even when that activity consists of litigation. *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995). However, Plaintiff has failed to allege facts sufficient to remove any immunity due to or state a claim under the FDCPA.

With regard to his FDCPA claim, Plaintiff alleges that Defendants violated the FDCPA by seeking to collect a debt from him, where no debt exists. *See* Complaint at pp. 1 and 6-8. However, as set forth in the Complaint, and in the motions to dismiss and attendant documents of record, in conducting activities related to the state court lawsuit, the foreclosure, and the eviction, Defendants were not and are not seeking to collect a debt from Plaintiff. Plaintiff admits that no such debt related to the Property exists between the parties and Plaintiff. Rather, a debt existed with respect to the prior owners of the Property. Accordingly, Plaintiff's allegations of violations of the FDCPA for attempting to collect a debt from him cannot support any claim and Defendants are entitled to the protections afforded attorneys under Texas law for actions taken in connection with representing a client. *See Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 406 (Tex .App.—Houston [1st Dist.] 2005, pet. denied); *Lewis v. American Exploration Co.*, 4 F. Supp. 2d 673, 679 (S.D. Tex. 1998).

---

[3] Plaintiff does not contest that "attorney immunity" applies to the other claims. Accordingly, Plaintiff has waived any such argument and has consented to dismissal of those claims on this ground. *See Black v. North Panola Sch. Dist.*, 461 F.3d 584, 588 n. 1 (5th Cir. 2006) (claim abandoned when plaintiff failed to defend it in response to motion to dismiss); *Scales v. Slater*, 181 F.3d 703, 708 n. 5 (5th Cir. 1999) (plaintiff abandoned claim by failing to contest defendant's arguments for dismissal of that claim).

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS THE COMPLAINT AND BRIEF IN SUPPORT**                                      Page 4

**C.     Plaintiff has abandoned all of his other claims.**

Plaintiff has failed to respond to Defendants' arguments advanced in support of dismissing the FCRA, civil conspiracy, negligence, slander of title, unjust enrichment, and fraudulent misrepresentations claims.  Thus, these claims have been abandoned.  *See Black v. North Panola Sch. Dist.*, 461 F.3d 584, 588 n. 1 (5th Cir. 2006) (claim abandoned when plaintiff failed to defend it in response to motion to dismiss); *Scales v. Slater*, 181 F.3d 703, 708 n. 5 (5th Cir. 1999) (plaintiff abandoned claim by failing to contest defendant's arguments for dismissal of that claim).

**D.     Plaintiff's Response was filed outside of the time period allowed by this Court, and should be stricken from the record and the Motion to Dismiss should be granted as unopposed.**

Pursuant to Local Rule CV-7(d), "the respondent shall file a response and supporting documents as are then available within 11 days of service of [a] motion. … If there is no response filed within the time period prescribed by this rule, the Court may grant the motion as unopposed."  Here, Defendants filed and served their Motion to Dismiss on August 23, 2010.  Accordingly, pursuant to Local Rule CV-7(d), Plaintiff was required to file his Response on or before September 3, 2010.  Plaintiff failed to meet this deadline.  Instead, Plaintiff filed his Response ten days later, on September 13, 2010.  Defendants respectfully request that the Court exercise its discretion in this matter and strike the Response as untimely and grant the Motion to Dismiss as unopposed.

### III.     CONCLUSION

WHEREFORE, based on the foregoing, Defendants respectfully request that the Court grant their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendants further request all other relief, in law or in equity, to which they may be justly entitled.

Respectfully submitted,

___/s/ Elizabeth K. Duffy_____
**Robert T. Mowrey**
Texas Bar No. 14607500
**Elizabeth K. Duffy**
Texas Bar No. 24050535
LOCKE LORD BISSELL & LIDDELL LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
(214) 740-8000
(214) 740-8800 (facsimile)
rmowrey@lockelord.com
eduffy@lockelord.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via regular U.S. mail on the 24th day of September, 2010, on the following:

Kerry Cairns
7901 Bee Caves Road, #5
Austin, Texas 78746
(512) 771-6413

*Pro Se Plaintiff*

__/s/ Elizabeth K. Duffy_____
Elizabeth K. Duffy