IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

KERRY CAIRNS,
          Plaintiff,

-vs-                                       Case No. A-10-CA-527-SS

LSF6 MERCURY REO INVESTMENTS TRUST
SERIES 2008-1, GREGORY BALCOM, and
THOMAS PRUYN,
          Defendants.

## ORDER

      BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant LSF6 Mercury REO Investments Trust Series 2008-1 ("REO")'s Motion to Dismiss [#3], Plaintiff Kerry Cairns ("Plaintiff")'s Response [#10], REO's Reply [#11], Defendants Gregory Balcom and Thomas Pruyn ("Individual Defendants")'s Motion to Dismiss [#9], Plaintiff's Response [#12] and the Individual Defendants' Reply [#13]. Having considered the motions, responses, replies, the case file as a whole, and the applicable law, the Court enters the following opinion and orders.

      This suit was filed by Plaintiff, proceeding pro se. Plaintiff asserts eleven claims against all Defendants alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and assorted torts. REO and the Individual Defendants moved to dismiss for failure to state a claim. Their motions are largely identical and assert the entire case must be dismissed as collaterally estopped due to a state court judgment finding against Plaintiff.



The motions to dismiss and Plaintiff's responses are all replete with allegations of facts outside of the Court's record. It appears REO is attempting to foreclose on property where Plaintiff resides based on a state court judgment which unwound the foreclosure sale at which Plaintiff purchased the property. The Individual Defendants are lawyers who represent REO in the eviction proceeding pending in state court.

If all the representations about the state court judgment and its effect on this case are true, however, it would be clear Plaintiff had no basis for filing this suit, essentially collaterally attacking a state court judgment which voided Plaintiff's purchase of the property at issue. Plaintiff also claims he is simultaneously appealing the state court judgment to the Texas Supreme Court.

Again, if the representations about the effect of the state court judgment on Plaintiff's claims in this case are true, then Plaintiff has violated Rule 11 of the Federal Rules of Civil Procedure. When Plaintiff signs his pleadings in this case, he must, under the law, be certifying to the best of his knowledge, information, and belief formed after an inquiry reasonable under the circumstances that his pleadings are not being presented for any improper purpose such as to harass or cause unnecessary delay or needless increase in the cost of litigation; that his claims and legal contentions are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law; and that his allegations of factual contentions have evidentiary support. FED. R. CIV. P. 11(b). This Rule applies with equal force to pro se plaintiffs. Such a violation could result in monetary sanctions against Plaintiff under Rule 11, including requiring him to pay all attorney's fees incurred by all parties sued.

The Court brings this to the attention of Plaintiff: if he does not file a voluntary dismissal of this case within twenty-one (21) days, he may face sanctions for violating Rule 11.

In addition to facing possible sanctions, should Plaintiff wish to pursue this suit, he must also provide the court with a RICO case statement as explained below. Plaintiff wishes to pursue a RICO claim and the Court is of the opinion that in order to efficiently process all RICO claims the following order is appropriate and necessary. All pending motions will be dismissed without prejudice to refiling after plaintiff has filed his response to this order. Thus, in accordance with the foregoing,

IT IS ORDERED that the plaintiffs shall file, within fifteen (15) days of this Order, a RICO case statement. This statement shall include the facts plaintiffs are relying upon to initiate his RICO claims as a result of the "reasonable inquiry" required by Fed. R. Civ. P. 11. In particular, this statement shall be in a form that uses the numbers and letters as set forth below, and shall state in detail and with specificity the following information:

1. State whether the alleged unlawful conduct is in violation of 18 U.S.C. §§ 1962 (a), (b), (c), and/or (d).

2. List each defendant and state the alleged misconduct and basis of liability of each defendant.

3. List the alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.

4. List the alleged victims and state how each victim was allegedly injured.

5. Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim. A description of the pattern of racketeering shall include the following information:

    a.    List the alleged predicate acts and the specific statutes that were allegedly violated;

    b.    Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts;

    c.    If the RICO claim is based on the predicate offenses of wire fraud, mail fraud, or fraud in the sale of securities, the "circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Identify the time, place, and contents of the alleged misrepresentations and the identity of the persons to whom and by whom the alleged misrepresentations were made;

    d.    State whether there has been a criminal conviction for violation of the predicate acts;

    e.    State whether civil litigation has resulted in a judgment with regard to the predicate acts;

    f.    Describe how the predicate acts form a "pattern of racketeering activity"; and

    g.    State whether the alleged predicate acts relate to each other as part of a common plan. If so, describe in detail.

6.    Describe in detail the alleged enterprise for each RICO claim. A description of the enterprise shall include the following information:

    a.    State the names of the individuals, partnerships, corporations, associations, or other legal entities that allegedly constitute the enterprise;

    b.    Describe the structure, purpose, function, and course of conduct of the enterprise;

  c. State whether any defendants are employees, officers, or directors of the alleged enterprise;

  d. State whether any defendants are associated with the alleged enterprise;

  e. State whether you are alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise; and

  f. If any defendants are alleged to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

7. State and describe in detail whether you are alleging that the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

8. Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

9. Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.

10. Describe the effect of the activities of the enterprise on interstate or foreign commerce.

11. If the complaint alleges a violation of 18 U.S.C. § 1962(a), provide the following information:

  a. State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and

      b.      Describe the use or investment of such income.

      c.      State whether the same entity is both the liable "person" and the "enterprise" under § 1962(a).

12.    If the complaint alleges a violation of 18 U.S.C. § 1962(b), provide the following information:

      a.      Describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise.

      b.      State whether the same entity is both the liable "person" and the "enterprise" under § 1962(b).

13.    If the complaint alleges a violation of 18 U.S.C. § 1962(c), provide the following information:

      a.      State who was employed by or associated with the enterprise.

      b.      Describe how the liable defendants participated in the operation or management of the enterprise.

14.    If the complaint alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

15.    Describe the alleged injury to each plaintiffs and/or alleged victim.

16.    Describe the alleged injury to each business or property.

17.    Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.

18.    List the damages sustained by reason of the violation of § 1962, indicating the amount for which each defendant is allegedly liable.

19. List all other federal causes of action, if any, and provide the relevant statute numbers.

20. List all pendent state claims, if any.

21. Provide any additional information you feel would be helpful to the Court in processing your RICO claim.

IT IS FINALLY ORDERED that Defendants' Motions to Dismiss [#3, 9] are DISMISSED without prejudice to refiling after completion of Plaintiff's RICO statement, in the event Plaintiff does not voluntarily dismiss the suit.

SIGNED this the _14_ day of October 2010.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE